EDWARDS, Judge.
Plaintiff, Dr. John R. Chadwick, brought suit against Robert F. Richard, formerly d/b/a Bayou Roofing and Siding Co., and Johns-Manville Sales Corporation seeking $15,359 in damages plus interest, costs and attorney fees. Johns-Manville named Richard a third-party defendant. From two judgments which, taken together, dismissed all claims, plaintiff appeals.[1] We reverse and render.
Chadwick contracted with Richard to re-roof plaintiff’s office using Johns-Manville shingles. Shortly after completion of the job, it rained and the new roof leaked. Several attempts by Richard to correct the leak failed and plaintiff ultimately had to have the job done again. In the meantime, plaintiff’s office suffered extensive water damage to the interior.
The trial court found that plaintiff had failed to establish that either the Johns-Manville shingles or the workmanship of Richard was defective.
Dismissal of both Johns-Manville as defendant and Richard as third-party defendant was proper because the record discloses nothing from which it could reason *397 ably be concluded that the Johns-Manville shingles were defective.
The trial court’s dismissal as to Robert Richard was manifestly erroneous. A leaking roof is defective.[2] Richard and Danny Albares, a roofing contractor, testified that Richard had properly installed the new roof with its seven skylights. However, leakage occurred at and below the level of each skylight. Furthermore, Mike Larocca and Lanny Berry, inspectors for Johns-Manville, stated that the skylights had been improperly installed. Richard simply failed to show that the shingles or skylights were defective, that the use of shingles was inadvisable but insisted on by Chadwick, or any other conclusion which would prove that the leaking roof installed by him was not his fault.[3]
Plaintiff spent $2,100 to have the roof redone. In addition, he proved damages as follows:
Carpet replacement - $ 567.00 Ceiling repainting - 597.00
Wallpaper purchase - 406.08
Wallpaper hanging - 181.12
Total $1,751.20
For the foregoing reasons, the judgment appealed from is annulled and reversed. It is hereby ordered, adjudged and decreed that there be judgment herein in favor of Dr. John R. Chadwick and against Robert F. Richard condemning defendant to pay plaintiff $3,851.20 plus legal interest from date of judicial demand. All costs, both trial and appellate, are to be paid by Robert F. Richard.
REVERSED AND RENDERED.

. Johns-Manville urges that Chadwick did not specifically appeal from the judgment of April 24, 1980, which dismissed Johns-Manville as a defendant. While appellant’s brief is not clear on this point, he does pray for judgment against both defendants. A concise specification of errors is not necessary where a brief identifies the issues in general argument. Guidry v. Ford, Bacon & Davis Construction Company, 371 So.2d 1301 (La.App. 3rd Cir. 1979). We shall, therefore, treat the appeal as pending against both defendants.

. This conclusion is obvious. In addition, it has precedent. Stream v. LeJeune, 352 So.2d 714 (La.App. 3rd Cir. 1977).

. At the conclusion of trial and after stating that he would dismiss Johns-Manville as a defendant, the district judge stated “I thought until Mr. Albares testified that you (Chadwick) should have judgment).” Complete reliance on the testimony of one witness, albeit an independent one, in the face of such an overwhelming prima facie case against Richard, was unwarranted.